```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
    v.                          )    No.  12 C 9268
                                )
JOSE GAYA #19152-424,           )
                                )
            Defendant.          )
```

## MEMORANDUM ORDER

Jose Gaya ("Gaya") has filed a self-prepared 28 U.S.C. §2255 ("Section 2255") motion to vacate his conviction and the lengthy sentence he is now serving based on a December 9, 2009 conviction in a trial before this Court's former colleague Honorable Wayne Andersen. Gaya's motion and related documents have been assigned at random to this Court's calendar because Judge Andersen has since retired. This memorandum order deals with several aspects of Gaya's filing.

First, although Gaya has accompanied his motion with an Application To Proceed In Forma Pauperis ("Application"), that aspect of his submissions is of no moment. No filing fee is imposed in connection with a Section 2255 motion, so that the Application is denied as moot.

Next, this Court has reviewed Gaya's papers to see whether they face any problems of timeliness, because Paragraph 16(a)(6) of his motion misrepresents the date on which our Court of Appeals denied his motion for rehearing there after its

affirmance of his conviction in United States v. Gaya, 647 F.3d 634 (7th Cir. 2011). Gaya alleges that the date of denial was November 28, 2011, but this Court has obtained a copy of the Court of Appeals' unpublished order denying that petition--and that order bears an August 22, 2011 date.[1]

Section 2255(f)(1), which applies in this case, sets a one-year limitation period measured from "the date on which the judgment of conviction becomes final." In that respect Clay v. United States, 537 U.S. 522, 532 (2003) teaches "that, for federal criminal defendants who do not file a petition for certiorari with this court on direct review, Section 2255's one-year limitation period starts to run when the time for seeking such review expires." And Sup. Ct. R. 13.1 grants a 90-day period for the filing of a petition for a writ of certiorari, while Sup. Ct. R. 13.3 starts that 90-day clock when a timely-filed petition for rehearing in the lower court (here our Court of Appeals) has been denied.

What the interaction of those rules means is that "finality" in Gaya's case came 90 days after August 22, 2011, or November 20 of that year. And that in turn means that even without the benefit of whatever added time the "mailbox rule" (Houston v. Lack, 487 U.S. 266 (1988)) might have provided, Gaya's

---

[1] That August date is shown as well in the Court of Appeals' docket that this Court has also printed out.

2

November 19, 2012 filing of his Section 2255 motion came in just under the wire.

That then gets the threshold procedural matters out of the way (although the United States Attorney's Office is of course free to challenge what this memorandum order has said up to this point). As to substance, this Court's preliminary review called for by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts indicates that an answer or other response is called for, and the United States Attorney's Office is therefore ordered to file an answer, motion or other response on or before January 18, 2013.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date: November 27, 2012

---

[2] Also included in Gaya's initial filings is a motion for leave to amend his Section 2255 motion, explaining that he has not received his records and files from his counsel. No action will be taken on that motion at this time, both because the requested documents may be forthcoming in the near future and because a better sense of the matter should be provided by the government's response.