IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 9268 |
| | ) | 06 CR 896 |
| JOSE GAYA #19152-424 | ) | usca No. 13-1830 |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

This Court inherited, via random assignment, the responsibility to address the 28 U.S.C. § 2255 ("Section 2255") motion that had been filed pro se by Jose Gaya ("Gaya"), because this Court's former colleague Honorable Wayne Andersen -- who had handled that defendant's conviction and sentencing -- had retired from this District Court. After it dismissed Gaya's Section 2255 motion, followed by Gaya's appeal from that decision, this Court has been attempting for months to get the necessary information as to the transactions in Gaya's custodial trust fund account so that it could make the in forma pauperis determination prescribed by 28 U.S.C. § 1915 ("Section 1915").

This Court's most recent memorandum order, issued on July 17, 2013,[1] has briefly recapped the history of those efforts and the still-deficient nature of Gaya's most recent filing in response, and it then requested Gaya's custodial institution as

---

[1] Solely for informational purposes, a copy of that memorandum order is attached.

well as Gaya himself to deliver the still-missing information. More than three weeks have elapsed since that most recent request -- again with no response.

Although it appears quite certain that Goya will qualify for in forma pauperis status in the special sense prescribed for prisoners by Section 1915 (that is, excusing the full payment of filing and other fees up front, but requiring such full payment in the future on an installment basis), this Court has been and still is unable to make the calculation required by Section 1915 because of the noncompliance with this Court's requests by both Gaya and his custodial institution. Accordingly, at the request of our Court of Appeals, this Court respectfully refers the issue of Gaya's entitlement or lack of entitlement to in forma pauperis treatment to that Court for its determination.

_____
Milton I. Shadur
Senior United States District Judge

Dated:   August 12, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 9268 |
| | ) | 06 CR 896 |
| JOSE GAYA #19152-424, | ) | USCA No. 13-1830 |
| | ) | |
| Defendant. | ) | |

MEMORANDUM ORDER

Jose Gaya ("Gaya") is presently before our Court of Appeals, seeking to challenge this Court's dismissal of his 28 U.S.C. §2255 ("Section 2255") motion attacking his conviction before, and the sentence imposed by, this Court's former colleague Honorable Wayne Andersen. That Section 2255 motion was filed after Gaya had pursued an unsuccessful direct appeal to our Court of Appeals (647 F.3d 634)(7th Cir. 2011)) by which time Judge Andersen had retired and the motion was reassigned at random to this Court's calendar.

This Court's June 20, 2013 memorandum order, after reviewing the procedural background of Gaya's case, recounted Gaya's apparent failure to have provided, by the June 12 date specified in an earlier (May 22) memorandum order, the information as to transactions in his custodial trust fund account (information necessary to make the in forma pauperis determination prescribed by 28 U.S.C. §1915 ("Section 1915")). What this Court was then totally unaware of was that the Clerk's Office of this District

Court had in fact received--on June 13--a filing by Gaya captioned "Notice of Inadvertent Error by Defendant and Correction," which had included some of that information.

This Court has no idea why the Clerk's Office, despite Gaya's filing having properly listed the case number in this District Court (12 C 9268) as well as his underlying criminal case number (06 CR 896) and the Court of Appeals case number (13-1830), never bothered to deliver a copy of Gaya's filing to this Court's chambers. That, however, was far from the only glitch in the proceedings--and this memorandum order therefore turns to the still-deficient nature of Gaya's most recent filing.

Although Gaya's June 13 submission included three pages printed out by the staff at Memphis F.C.I., where Gaya is serving his sentence, those pages don't cover the relevant six-month period that preceded Gaya's filing of his notice of appeal (the period from October 13, 2012 through April 12, 2013):

   1. One page covers the time frame from September 6, 2012 to October 11, 2012, so that the transactions reported there are totally irrelevant.

   2. As for the other two pages, they span the time frame that began February 23, 2013 and ended June 6, 2013.

In sum, the required information from October 13, 2012 to February 22, 2013 is <u>still</u> missing.

There is frankly no excuse for what has taken place (or more

accurately, what has not taken place) here. In an effort to avoid further mistakes, this Court is sending copies of this memorandum order (1) directly to the fiscal people at Memphis F.C.I. so that they may provide the missing information forthwith, with all three case numbers to be designated on their transmittal,[1] and also (2) directly to the Clerk of this District Court, who can be counted on to have his underlings deliver a copy of the requested information to this Court's chambers immediately upon its receipt. If that works as it should, this Court will swiftly comply with the provisions of Section 1915.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 17, 2013

---

[1] That transmittal should be addressed:

> Clerk, United States District Court
> 219 South Dearborn Street - 20th Floor
> Chicago IL 60604
> Attention: Fiscal Department