**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 12 C 9268 (Crim. No. 06 CR 896) |
| **JOSE GAYA,** | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Jose Gaya ("Gaya") is a criminal defendant whose case originally came to this Court's calendar after the departure from this District Court of its colleague Honorable Wayne Andersen. Because Gaya had essayed an attack on his conviction and sentence under 28 U.S.C. § 2255 ("Section 2255"), for administrative reasons this case was assigned the civil docket number shown in the caption as well as retaining the criminal case number that it had carried before Judge Andersen. When this Court rejected the Section 2255 action on grounds that are irrelevant to the current situation, Gaya attempted an appeal, and this mandate emanated from our Court of Appeals on February 7 of this year:

> Jose Gaya has filed a notice of appeal from the denial of his motion under 28 U.S.C. section 2255, which we construe as an application for a certification of appealability. This court has reviewed the final order of the district court and the record on appeal. We find no substantial showing of the denial of a constitutional right. Accordingly, the request for a certificate of appealability is DENIED. Gaya's motion to proceed in forma pauperis is DENIED.

Some nine months later Gaya filed two motions in connection with his effort (like the efforts of many other prisoners serving federal time for drug offenses) to obtain relief from his

custodial sentence under 18 U.S.C. § 3582(c)(2) in light of Amendment 782 to the Sentencing Guidelines: Those efforts comprised Gaya's motion for the appointment of counsel (Dkt. 34) and an application for leave to proceed in forma pauperis ("IFP") (Dkt. 35). Later that month this Court issued a brief November 25 memorandum order ("Order") that granted the first of those requests, with the Federal Defender Program being appointed to represent Gaya -- an action that implicitly also granted IFP relief, for such status was essentially inherent in this Court's enlistment of the Federal Defender Program).

But regrettably the Order's caption listed only Gaya's criminal case number, so that this Court then learned from a printout listing of all pending motions on its civil case calendar that Dkt. Nos. 34 and 35 were still reflected as pending in Case No. 12 C 9268. To cure that unintentional oversight, Dkt. 34 is granted (as had been intended in the Order) and it is also made clear that Dkt. 35 is granted as well.

_____
Milton I. Shadur
Senior United States District Judge

Date:   December 9, 2014